WILL ASBECK V. THE STATE.

No. 2420.   Decided April 23, 1913.

Rehearing denied May 21, 1913.

**1.—Murder—Jury and Jury Law—Bill of Exceptions.**

In the absence of a bill of exceptions, complaints relating to the selection of jurors cannot be considered on appeal.

**2.—Same—Evidence—Declarations of Defendant—Motive.**

Where, upon trial of murder, it was shown that defendant, several months before the homicide, made threatening declarations against the deceased, there was no error in admitting same in evidence.

**3.—Same—Evidence—Letter—Secondary Evidence.**

Where, upon trial of murder, it was shown that defendant had written a letter or note addressed to his sister, a few moments before the homicide, in which he threatened to kill his wife and himself and which note had been destroyed, there was no error in admitting secondary evidence as to its contents.

**4.—Same—Evidence—Declarations of Defendant.**

Where, upon trial of murder, the evidence tended to show that the killing was premeditated, and that defendant expected to escape by the use of muriatic acid to keep bloodhounds from following his trail, there was no error in admitting in evidence defendant's declarations made sometime before the homicide to the effect that the use of muriatic acid would prevent dogs from trailing anyone.

**5.—Same—Credibility of Witness—Evidence.**

Upon trial of murder, where a witness for the defendant had testified to

material facts for the defense, there was no error in admitting evidence that said witness was then under indictment for seduction in which defendant was a witness for said defendant's witness.

**6.—Same—Sufficiency of the Evidence—Death Penalty.**

Where, upon trial of murder, the evidence showed a premeditated killing, a conviction of murder in the first degree with the death penalty was sustained.

**7.—Same—Special Venire—Bill of Exceptions—Recital in Judgment.**

A mere judgment overruling the motion to quash the special venire is not sufficient to bring the matter in review on appeal, in the absence of a bill of exception; besides, there was no error in overruling the motion to quash the venire. Following Nelson v. State, 1 Texas Crim. App., 41, and other cases.

Appeal from the District Court of Victoria. Tried below before the Hon. John M. Green.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

*E. T. Rose* and *Dupree & Pool,* for appellant.—On question of submitting secondary evidence of contents of note: Duckworth v. State, 42 Texas Crim. Rep., 74; Cowan v. State, 41 id., 617.

On question of admitting declarations of defendant: Woodworth v. State, 42 Texas Crim. Rep., 188; Thomlin v. State, 25 Texas Crim. App., 676; Wakefield v. State, 50 Texas Crim. Rep., 124.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death.

The sole defense of appellant was that he was drunk at the time of the commission of the offense and insane from the use of intoxicants. This issue was fairly submitted by the court in his charge, and in a way that appellant does not complain. In fact, in the motion for new trial there is no complaint of the charge, and all the errors assigned relate to the introduction of testimony, and the selection of the jury. As to those grounds relating to the selection of the jury, no bills of exception were reserved, consequently these matters are not presented in a way we would be authorized to review the action of the court.

Without going into a detailed statement of the evidence, it appears that appellant was a shiftless person who drank to excess, and on account of this conduct he and his wife had separated on more than one occasion. In talking to his friends he stated, "My wife won't live with me as a wife; she won't sleep with me, and I would see a woman in hell before I would stay with her if she would not sleep with me." This testimony was objected to as being too remote. This remark had been made by appellant just before leaving home the last time, when he remained away for about three months. The night before the homicide he had returned and gone to his wife's home again, he being com-

pelled to sleep in a separate room. Just before he killed her he called her off in a room, had a talk with her, and then shot and killed her. What was said during this conversation no one knows, but under the circumstances the testimony above recited was admissible as tending to show motive. Just before the killing appellant had called for pencil and paper, and it was carried to him by his daughter. In a few moments was when he called for his wife. On the person of his wife was found the following note, addressed to appellant's sister: "My dear sister: I have come home. I did not come to see you or go to see my mother as I could not face you under the circumstances of the crime that I am now about to commit. I hope that you and God Almighty will forgive me for the deed that I will commit. I am going to kill Susie and then myself, and if you ever see me any more, we will only meet in heaven." Appellant's wife was named Susie Asbeck. Two witnesses who read this note say it was in the handwriting of appellant, and all the circumstances in the case would indicate that when he called for the pencil and paper just before the homicide he then wrote the note and gave it to her or placed it on his wife to create the impression that he had also killed himself and thus prevent the search that otherwise might be instituted for him. James Power had married appellant's sister, and this note when taken off the person of Mrs. Asbeck was delivered to him. He read it, as did also Robert Power. James Power then burned it to keep it from getting into the possession of his wife. As the note was burned, secondary evidence of its contents was admissible, and those bills present no error.

It appears that when Robert Wolf was testifying he told of a conversation he had with appellant some time before the homicide. They were talking of bloodhounds—the kind owned by Jackson County. In the conversation appellant said muriatic acid placed on the trail would prevent the dogs being able to trail anyone. It appears on the afternoon of the day of the homicide appellant had secured a bottle of muriatic acid out of the shop of a Mr. Davenport, and after he had killed his wife he pulled off his shoes and fled. The dogs were placed on the trail, and when appellant was finally captured he had this bottle of muriatic acid open in his hand, seemingly trying to so use it as to prevent the dogs from trailing him. All this testimony was clearly admissible, as well as the fact that only two or three hours before the homicide he had secured this bottle of muriatic acid; that a half hour before the homicide he had secured a shotgun. It all tended strongly to show that the killing was premeditated, and appellant, in writing the note, and by getting the bottle of muriatic acid, expected to escape, and thus keep the dogs from trailing him. That the dogs being unable to follow his tracks when he escaped, the note would cause people to believe that he had gone off and killed himself, and thus escape final detection.

Oscar Gregory testified to facts which would tend to show that appellant was drinking on the evening of the homicide, in support of his

plea of insanity. On cross-examination he was asked if he was not then under indictment charged with seduction, and if appellant was not a witness in his behalf in that cause, to both of which questions he gave an affirmative answer. This was admissible as affecting his credit as a witness.

These are all the bills contained in the record, and in our opinion none of them present error. The facts and circumstances in this cause satisfactorily show that the killing was premeditated; that he shot his wife while she was screaming and calling for someone to come and help her to keep him from killing her. His whole acts show coolness and design, and we think the jury was justified in returning the verdict they did.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### May 21, 1913.

HARPER, JUDGE.—This case on a former day of this term was affirmed, and appellant has filed a motion for rehearing, in which he claims that that part of the opinion in which it was held that as no bill of exceptions had been reserved to the action of the court in refusing to quash the special venire, the question was not presented in a way we could review it, is erroneous, and that a recitation in the judgment that he excepted to the action of the court is sufficient. This question has been so often decided adversely to appellant's contention we do not deem it necessary to again state the reasons for the rule, but merely refer him to some of the cases so holding. Nelson v. State, 1 Texas Crim. App., 41; Swift v. State, 8 Texas Crim. App., 614; Hollis v. State, 9 Texas Crim. App., 643; Gaston v. State, 11 Texas Crim. App., 143; Prator v. State, 15 Texas Crim. App., 363. These earlier cases are cited to show this has always been the rule in this court, and it was the rule in criminal cases when our Supreme Court had both civil and criminal jurisdiction, as decided in Bowman v. State, 40 Texas, 9. However, as the death penalty was assessed in this case, we have carefully read the motion to see if any possible injury could have resulted to appellant, and we find the sole contention is, that the venire should have been drawn from a wheel. This provision of the Code applies only to counties containing a city of more than twenty thousand population, and as there is no contention that Victoria County contains such a city, if the matter was properly presented for review the trial judge acted correctly in overruling the motion to quash the venire.

In the original opinion we passed on every other question in the case, and after carefully again reviewing the record we are convinced that the holding of the court was correct on each and every question presented. Appellant cites us to no authorities sustaining his conten-

tions, and all we have been able to find are adverse to his contention.

The motion for rehearing is overruled.

*Overruled.*