## Ves Banks v. The State.

### No. 6063.   Decided June 1, 1921.

**1.—Intoxicating Liquors—Dean Act—Indictment—Constitutional Law—Possession.**

Under Article 16, Section 20, of the State Constitution as amended, the prohibition of possession of certain intoxicating liquors may be enacted by the Legislature, in which article it is declared that intoxicating liquors are subject to the general police power of the State, etc., and there was no error in overruling a motion to quash on this ground, or on any of the grounds urged in the motion to quash. Following Ex Parte Gilmore, 88 Texas Crim. Rep.. 529.

**2.—Same—Argument of Counsel—Intoxicating Liquor—Whisky.**

This court has often held that it may be assumed in the charge to the jury that whisky is intoxicating liquor, and there was no reversible error in assuming this in the argument of the county attorney.

**3.—Same—Sufficiency of the Evidence—Possession—Charge of Court.**

Where, upon trial of a violation of the Dean Act, the proof showed that the defendant's possession of the intoxicating liquor was not for one of the purposes excepted by the statute, there was no error in refusing a peremptory instruction to acquit, and the evidence was sufficient to sustain the conviction under a proper charge of the court.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of a violation of the Dean Law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of having in his possession, not for medicinal, mechanical, scientific or sacramental purposes, certain spirituous, vinous and intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of two years.

Appellant assails the law under which this prosecution was had as being unconstitutional, asserting that while amended Section 20, Article 16, of our State Constitution, as recently adopted, forbade the manufacture, sale, barter and exchange of the liquors therein described, it nowhere forbids the possession of such liquor.  We cannot uphold this contention.

The power of our State Legislature to enact laws extends to the outer limit of judgment and reason, except there be some constitutional limitation which inhibits the particular enactment. The only reason there has ever been contention in the past against legislative action on the various phases of the liquor traffic, or pertaining to the liquor question, has been that our Constitution by its local option expression forbade statutory acts in seeming contradiction thereof. Such is not now the case since the local option clause of our Constitution has been absorbed by said amended Sec. 20, *supra,* and there is now no limitation upon the power of the law-making body in this regard, save as above indicated. Not only is it now true that no such limitation exists as heretofore, but subdivision (d) of said Sec. 20, see Acts Thirty-sixth Legislature, p. 338, reads as follows: "Without affecting the provisions herein, intoxicating liquors are declared to be subject to the general police power of the State; and the Legislature shall have the power to pass any additional prohibitory laws, or laws in aid thereof, which it may deem advisable," and we see from a perusal of the language used in this section of said constitutional amendment that there is now no reason to doubt the constitutionality of a law forbidding the illegal possession of intoxicating liquor, and that same is entirely within the scope of the express direction of said subdivision (d). It would seem not open to dispute, that the Legislature has power to enact a law having for its evident purpose the aid and assistance of laws whose exact terms are prescribed by the language of a constitutional direction, and it cannot be argued that if the Constitution forbids the manufacture, sale, transportation, exportation, etc., of intoxicating liquor by express terms, that laws forbidding the possession of such liquor are not in aid of laws containing the exact language of such constitutional direction, and it must be conceded that a law forbidding the possession of such liquor would be in furtherance of the purpose of and in aid of a law forbidding the manufacture, sale, transportation, etc., of such liquor.

Those questions raised by appellant's motion to quash which attack said law as unconstitutional, from other angles, have all been presented and discussed in the opinion of this court in Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

But one bill of exceptions appears in the record, and by it complaint is made of the argument of the county attorney, in that he was permitted to argue to the jury that the State's case was made out by proof of the fact that the liquor found in appellant's possession was whisky. This court has often held that it may be assumed in the charge to the jury that whisky is intoxicating liquor. Branch's Ann. P. C., Sec. 1239, and collated authorities. This being true, we do not think the argument complained of was erroneous or injurious.

Appellant asked a peremptory instruction of not guilty, insisting that the proof failed to affirmatively show that his possession of the liquor in question was not for one of the purposes excepted by stat-

ute.  Appellant himself testified that the jar of whisky found in his possession was had by him for medicinal purposes; that a white man had given it to him one night about two months prior to his arrest, for helping start his car, and that he was keeping it for medicine; that he had not used any of it as yet; that a sack of corks found in his possession was taken by him out of a second-hand safe recently bought by him; that certain rubber tubes also on his premises when arrested, were found by him shortly before; that he did not know if the end of the rubber tubes would fit the end of a certain copper coil also found in his house; that certain tin cans found in his possession had been carried home by him for the purpose of cutting the tops off and using them for lard cans; that a certain tin bucket which he had in his hand when arrested, was used by him to carry eggs in; that a certain gasoline stove which he had in his smoke-house was used for cooking purposes.  The State's proof showed that in appellant's possession at the time of his arrest was found a quart jar of whisky, certain copper coils, rubber piping, empty bottles, a sack of corks, a gasoline stove, and certain large empty cans, and that a certain covered tin bucket which at the time of arrest he had in his manual possession, when opened, emitted so strong an odor of whisky that same was perceptible all over the automobile in which appellant was being conveyed at the time.  In addition to the ordinary charge, that the burden of proof was upon the State to make out its case beyond a reasonable doubt, the jury were told that if they found from the evidence that appellant had the liquor in question in his possession for medicinal purposes, or if the jury had a reasonable doubt as to that fact, he should be acquitted.  We are of opinion that the evidence sufficiently showed that appellant's possession of the liquor in question was for an unlawful purpose.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 1, 1921.

HAWKINS, JUDGE.—The motion for rehearing raises no questions which were not considered in the original opinion.  Believing the case was properly disposed of, the motion for rehearing will be overruled without a further discussion.

*Overruled.*