## Eugene Williams v. The State.

### No. 7630.   Decided March 14, 1923.

**1.—Selling Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of selling intoxicating liquor in violation of the law, the evidence supported the conviction, there is no reversible error.

**2.—Same—Name of Defendant—Bill of Exceptions.**

Where the bill of exceptions complained to the action of the court in asking defendant in the presence of the jury what his name was; he being indicted in two counts under different given names, there was no error; besides the bill of exceptions was defective in not being approved, and the so-called bystanders bill did not comply with the law, and the jurats affixed thereto was taken before defendant's attorney, and besides it was only signed by two persons which is not sufficient.  Following Landrum v. State, 37 Texas Crim. Rep., 666.

**3.—Same—Bill of Exceptions—Bystander's Bill.**

Where there was no evidence of the refusal of the trial judge to sign and approve the bill of exceptions, and besides a statement of that fact by the bystanders who authenticate the bill, is not sufficient. Following Washington v. State, 58 Texas, Crim. Rep., 345.

**4.—Same—Bill of Exceptions—Intoxicating Liquor.**

A bill of exceptions complaining of the court's instruction to the jury that whisky is spiritous liquor capable of producing intoxication is without merit, the rule being that whisky is intoxicating.—Following Banks v. State, 89 Texas Crim. Rep., 438.

**5.—Same—Bill of Exceptions—Name of Defendant—Additional Charge.**

Where defendant's counsel stated that his client was charged in one count of the indictment under one name, and in another count under another name and that the jury did not know who they were trying, when the court gave an additional charge that unless the defendant suggested that he was not indicted by his true name, it shall be taken that his name is truly set forth, there is no reversible error.

**6.—Same—Rehearing—Record on Appeal—Recitation in Judgment—Bill of Exceptions Necessary.**

A recitation in the judgment that the accused excepted to the refusal to quash the array is not sufficient to take the place of a bill of exceptions; nor is the recital in the judgment that a continuance was refused to which defendant excepted sufficient to supply the place of a bill of exceptions.— Following Welsey v. State, 60 Texas Crim. Rep., 299, and other cases.

Appear from the District Court of Taylor.   Tried below before the Hon. W. R. Ely.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Ben L. Cox* for appellant.—On question of quashing jury array, White v. State, 78 S. W. Rep., 1066; Bickham v. State, 101 id., 210.

*R. G. Storey,* Assistant Attorney General for the State.—On question of bills of exception: Jones v. State, 229 S. W. Rep., 865; Hunt v. State, 229 id., 869.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Taylor County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The statement of facts contains less than one page and consists of the testimony of a witness who swears that about the 3rd day of June, 1922, he bought two pints of corn whisky from appellant for which he paid four dollars, this occurring in Taylor County, Texas.

There are three bills of exception in the record. The first complains of the action of the court in asking appellant in the presence of the jury what his name was. The indictment contained two counts, one charging an offense against Grover Williams and the other charging an offense against Eugene Williams, the State electing to prosecute under the second count. We cannot consider the bill of exceptions referred to. It is not approved by the trial court as is required of an ordinary bill of exceptions, nor is it here presented in accordance with well settled rules governing bystanders' bills. The two men who subscribed same as bystanders appear to have been sworn, and the jurat affixed shows it to be taken, by appellant's attorney. Garza v. State, 65 Texas Crim. Rep., 476, 145 S. W. Rep. 591; Hogan v. State, 65 Texas Crim. Rep., 50, 147 S. W. Rep., 871; Cuellar v. State, 69 Texas Crim. Rep., 155, 154 S. W. Rep. 228; Burnett v. State, 73 Texas Crim. Rep. 477; Maples v. State, 60 Texas Crim. Rep. 169, 131 S. W. Rep. 567. In addition to the above, the purported bill of exceptions violates the well known rules regarding bystanders' bills. In Osborne v. State, 56 S. W. Rep. 54, it is stated that a bill of exceptions signed by only two bystanders is not sufficient. The instant bill appears to be signed by only two persons. In Landrum v. State, 37 Texas Crim. Rep. 666, appears the statement that there must be other evidence of the refusal of the trial judge to sign and approve the bill, beside the statement of that fact by the bystanders who authenticate the bill. In Washington v. State, 58 Texas Crim. Rep. 345, appears approval of the well settled rule that before resort can be had to a bystanders' bill, the bill originally presented to the trial court must be marked refused by him and returned and filed. This is not true of the instant bill. For further authorities see Jones v. State, 89 Texas Crim. Rep. 6, 229 S. W. Rep. 865; Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W. Rep. 869; Anderson v. State, opinion rendered February 28, 1923.

Appellant's second bill of excepions on file complains of the court's instruction to the jury that whisky is spirituous liquor capable of producing intoxication. This presents no error as this court has often stated it has judicial knowledge of the fact that whisky is intoxicating spirituous liquor. See Banks v. State, 89 Texas Crim. Rep. 438, and authorities collated by Mr. Branch in his Annotated P. C., Sec. 1239.

The remaining bill of exceptions complains of the fact that while appellant's counsel was arguing to the jury, he stated that appellant's name was charged in one count of the indictment as one, and in the other count, as another name, and that they did not know who they were trying. It is shown that at that juncture the court gave an addition to the charge which he had theretofore prepared and submitted to counsel, said additional charge being as follows:

"Gentlemen of the Jury: You are charged when the defendant is arraigned his name, as stated in the indictment, shall be distinctly called; and unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth."

The complaint at this charge that it was on the weight of evidence, does not seem tenable, and the further complaint that it was out of place and calculated to lead the jury to hold appellant responsible for a variance in his name as alleged in the two counts in the indictment, does not seem to be of material weight. Such an instruction might be necessary in a given case to prevent confusion in the minds of the jury. There appears to have been no suggestion on the part of appellant of his true name. His counsel was arguing to the jury that they could not know who they were trying. There is no complaint setting forth that this charge was not submitted to appellant's counsel, or that he was not given an opportunity to challenge the correctness of same. We do not deem the articles of our Code in regard to charges to be so restrictive as to deprive the trial courts of the right or power to give additional charges or corrective charges when the necessity therefor arises after the main charge has been given to the jury.

Believing no error to have been committed, and that appellant has had a fair trial, the judgment will be affirmed.

*Affirmed.*

ON REHEARING

April 11, 1923.

LATTIMORE, JUDGE.—In a motion for rehearing by appellant it is urged that we did not consider the errors of the trial court in overruling appellant's application for a continuance; and in over-

ruling his motion to quash the jury array. The record does not show any order of the court in either regard, nor is there any bill of exceptions presenting complaint thereof. Appellant insists that his exceptions as to both appear in the record and refers us to the judgment of the court below wherein we find it stated that the trial court had overruled the defendant's motion to quash the jury array and defendant's motion for continuance, to which the defendant excepted. Further than as just stated no other exception appears to the court's action upon either of said motions.

We held in Caldwell v. State, 2 Texas Crim. App. 53; Wakefield v. State, 3 Texas Crim. App. 39, and Asbeck v. State, 70 Texas Crim. Rep. 225, 156 S. W. Rep. 925, that a recitation in the judgment that the accused excepted to the refusal to quash the venire, was not sufficient to take the place of a bill of exceptions. So also in Hollis v. State, 9 Texas Crim. App. 643; Gaston v. State, 11 Texas Crim. App. 143; Prator v. State, 15 Texas Crim. App. 363, and Wesley v. State, 60 Texas Crim. Rep. 299, we held that a recital in the judgment or minutes that a continuance was refused to which defendant excepted, would not supply the place of a bill of exceptions. We are unable to see any good reason for doubting the soundness of the rulings in each instance. A bill of exceptions presented to the trial court for approval brings the matters complained of before the lower court in a manner that appropriate explanation or qualification may be made if proper. For illustration, the absent witnesses may have appeared during the trial, and this fact being shown by the court's qualification, no error would appear.

Being unable to accept either contention of appellant, his motion for rehearing will be overruled.

*Overruled.*