## Jack Canterberry v. The State.

No. 9178.   Delivered June 3, 1925.

Rehearing Denied October 21, 1925.

**1.—Murder—Bill of Exception—Incomplete—No Error Presented.**

Where on a trial for murder, which resulted in a conviction for manslaughter, complaint is made of the admission in evidence of a confession of appellant, and his bill fails to disclose the written confession, and refers generally to the statement of facts, such bills, as we have long held, will not be considered. A bill of exception should be complete, within itself, and manifest the error complained of. Following Hubbard v. State, 251 S. W., 1054.

**2.—Same—Continued.**

Another bill complains of the action of the court in permitting the state on cross-examination to interrogate appellant concernng a sore on his leg. This entire bill is made up in question and answer form, and under Art. 846 C. C. P. this court is not authorized to consider this bill.

### ON REHEARING.

**3.—Same—Charge of Court—Inadvertent Omission—Not Fundamental Error.**

Where in the submission of the theory of appellant of manslaughter, the court charged the jury that if the appellant "struck" the deceased etc., that he would be guilty of manslaughter. The omission of the words "and killed," after the word "struck," viewed in the light of the charge as a whole, and the submission of a charge on aggravated assault did not constitute a fundamen-

tal error, same not having been properly excepted to.   Under Art. 743, the omission would not authorize a reversal of this case.

Appeal from the Criminal District Court of Dallas County.   Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of manslaughter; penalty, five years in the penitentiary.

The opinion states the case.

*Callaway, Dalton & Callaway,* for appellant.

*Shelby Cox,* District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted in Dallas County charged with murdering his brother, Sam Canterberry, and was tried and convicted in the Criminal District Court of said county of manslaughter, and his punishment assessed at five years confinement in the penitentiary.

The record discloses that there are no exceptions taken to the court's charge and no requested special charges presented.   The record as presented to us contains only two bills of exception, numbered one and two.

Bill of exception No. 1, complains of the action of the court in permitting the State to introduce in evidence the written confession of the appellant.   This bill fails to disclose the written confession complained of and for much of the testimony we are referred generally to the statement of facts.   This court holds that it will not consider bills of this kind and that the bills which are presented to this court should be complete within themselves and manifest fully the error complained of.   Hubbard v. State, 251 S. W., 1054, and many other decisions we would cite, which we deem unnecessary.

Bill of exception No. 2, complains of the action of the court in permitting the State to interrogate the defendant on cross-examination concerning a score on his leg.   Thie entire bill is made up in question and answer form; under Article 846, C. C. P., this court is unauthorized to consider this bill.

This court in many decisions has upheld the Article, supra, and refused to consider bills in question and answer form, which doctrine is so well established now that it is really unnecessary to cite authorities in support thereof.

We have given this record as presented a careful examination and find no reversible errors therein, and are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—We discuss only a matter called to our attention by appellant's motion which was overlooked in our former opinion.

After defining murder and applying the law as it related to that charge the court told the jury if they found appellant guilty of any degree of homicide but had a reasonable doubt as to whether it was murder they would give appellant the benefit of the doubt, acquit him of murder and proceed to consider whether he was guilty of manslaughter. Then follows a charge explaining when homicide would be manslaughter. In applying the law as to that offense the court instructed the jury if by reason of the things enumerated appellant's mind was disturbed or excited to such extent as rendered it incapable of cool reflection and while in such state of mind he 'struck' deceased they would find him guilty of manslaughter. As this charge appears in the record before us the court omitted to tell the jury if appellant struck deceased and "killed him" under the circumstances related he would be guilty of manslaughter. No exception was taken to the charge by reason of the omission. The question for the first time is raised here, it being asserted that such omission is a fundamental error of which this court should take cognizance even in the absence of exception to the charge. As supporting this contention appellant cites the cases of Debth v. State, ——Tex. Crim. Rep. —— 187 S. W., 341; Moore v. State, ——Tex. Crim. Rep. ——206 S. W., 683; Grant v. State, ——Tex. Crim. Rep. ——127 S. W. 173; Barrios v. State, ——, Tex. Crim. Rep. ——204 S. W., 326; Pitts v. State, ——Tex. Crim. Rep. ——210 S. W., 199; Flores v. State, —— Tex. Crim. Rep. ——216 S. W., 170. Middleton v. State, —— Tex. Crim. Rep. ——  217 S. W. 1046. Examination reveals that in all of the cases referred to the court either authorized a conviction for an offense not charged by the indictment, or authorized the infliction of a greater punishment than that provided by statute. If the charge complained of here stood alone, it might present serious question, but the charge as a whole could not possibly have misled the jury. Immediately following the paragraph complained of the court tells the jury the instrument or means by which a *homicide* is committed may be taken into consideration in judging of the intent of the party offending, and although they might believe that appellant had *killed* deceased by striking him with a piece of iron or a stick of wood, yet if said instrument was not likely to cause *death*, the jury could not presume that appellant designed *to kill* deceased unless they found from the evidence beyond a reasonable

doubt that from the manner in which it was used such intention evidently appeared. In another paragraph the jury were instructed if they found appellant *killed* deceased but further found that he did so by striking him with a piece of iron or stick of wood and the jury had a reasonable doubt whether from the manner in which the said instrument was used the intention to kill evidently appeared they could under such circumstances find appellant guilty of an aggravated assault only. Furthermore, the evidence leaves no doubt that the death of deceased was occasioned by the blow struck by appellant. He says in his confession that after striking deceased he dragged him on the railroad track in order that he might be run over by a train. A train did later mutilate deceased's body, but a witness who examined it immediately states that the body was perfectly cold and that deceased appeared to have been dead some three or four hours before the train struck him. By Art. 666, C. C. P., Rev. of 1925, (formerly Art. 743) we are forbidden to reverse a judgment for errors in the charge unless it appears from the record that the error was calculated to injury the rights of the party on trial or unless it appears from the record that he has not had a fair and impartial trial. It is apparent that the matter complained of was an inadvertent omission from the charge which doubtless would have been promptly remedied by the insertion of the proper words if the omission had been called to the court's attention by exception. Viewing the evidence and the charge as a whole we can not conceive that the jury could have possibly been misled into believing the court had authorized a conviction for manslaughter, unless they believed the blow struck by appellant resulted in deceased's death. For the reasons stated we think the contention of appellant that the charge in question should be held fundamental error can not be sustained.

The motion for rehearing is overruled.

*Overruled.*