# NOVEMBER, 1925.

### R. M. (BOB) SPARKS v. THE STATE.

No. 8190. Delivered Nov. 12, 1925.

Rehearing denied May 13, 1925.

**1.—Robbery—Bill of Exception—Unsigned by Judge—Not Considered.**

Where a bill of exceptions, set out in a supplemental transcript, complains of the refusal of the court to quash the indictment, is not signed by the trial judge, it cannot be considered by this court.

**2.—Same—Indictment—Several Counts—Same Offense.**

Where an indictment contains several different counts, presenting different phases of but one transaction the state cannot be required to elect, as between such counts. See Branch's P. C. p. 233 for collation of authorities.

**3.—Same—Bills of Exceptions—Incomplete—No Error Presented.**

Where a bill of exception complains of the misconduct of the jury, without pointing out intelligently what constituted the misconduct complained of, and where the trial judge has heard the jurors testify, and decided against appellant's contentions, we cannot hold that he abused his judicial discretion in the matter.

**4.—Same—Bill of Exception—Question and Answer Form—Not Considered.**

Appellant presents in this record five bills of exceptions, all of which are framed in question and answer form making it necessary for us to reassert that such bills will not be considered by this court.

Appeal from the District Court of Clay County. Tried below before the Hon. Paul Donald, Judge.

Appeal from a conviction of robbery; penalty, two years in the penitentiary.

The opinion states the case.

*Cedric O. Taylor,* of Wichita Falls, *H. M. Muse,* of Henrietta, for appellant.

*Wantland, Dickey & Glasgow, Vincent Stine,* County Attorney, all of Henrietta, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Clay County of robbery, and his punishment fixed at two years in the penitentiary.

One Foreman claimed that appellant, Morris and Fuller, by threatening him with personal injury and injury to his property, took from him three hundred dollars in money, and the facts in the record support the conclusion of guilt reached by the jury. Foreman testified that on the occasion in question Morris threatened to do him harm and told him that his head would come off if he did not pay them the three hundred dollars, and appellant told him that they would poison his stock if he did not pay said money. Foreman got the money and delivered it to appellant.

There is a bill of exceptions set out in a supplemental transcript complaining of the refusal of the court to quash the indictment. The bill is not signed by the learned trial judge and, therefore, cannot be considered.

The bill of exceptions complaining of the refusal of the motion to require the State to elect presents no error. The different counts in the indictment related to but one transaction and presented but different phases of said transaction. There could be but one conviction, judgment and sentence growing out of everything that was done and said at said time and place, and in such case it is not necessary that the State elect. Many authorities will be found collated on page 233 of Mr. Branch's Annotated P. C. sustaining this proposition.

There is a bill of exceptions complaining of misconduct on the part of the jury, but an examination of the bill fails to show that what was said in the jury room was not part and parcel of a proper discussion of the evidence heard during the trial. The bill consists of the reproduction of the testimony of some of the jurors but sets out nowhere any other facts to show how or in what manner said discussion was aside from the record or foreign to the testimony heard by the court on the trial. The trial judge heard these jurors testify and decided the issue against appellant's contention. We do not believe he abused his discretion in the matter.

Bills of exception Nos. 3, 3-a, 4, 6 and 7 are in question and answer form and cannot, therefore, be considered by us.

This disposes of the complaints appearing in the record, and being of opinion that no reversible error is shown and that the evidence supports the judgment, an affirmance will be ordered.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant vigorously assails the correctness of our conclusions as stated in our opinion. The correctness of our statements therein are attacked. It is stated that we were not supported by the record in saying: ''Appellant told him that they would poison his stock if he did not pay said money. Foreman got the money and delivered it to appellant.'' We have carefully reviewed the statement of facts, being desirous of not misstating same. Witness Foreman, who is referred to in the quotation from our former opinion, states, ''When I drew this $300.00 cash out of the bank . . . I gave it to the defendant Sparks here.'' In another place the witness Foreman testified, ''At the time that Morris told me if I didn't pay it I wouldn't get home alive, Sparks told me that they would poison my stock.'' During his cross-examination witness Foreman said: ''In that same conversation there on the corner, Sparks threatened to poison my stock, he said my stock would be killed if I didn't do it,'' (meaning didn't pay the money.) These facts are stated to show the correctness of what was said by us in the former opinion.

Statements in the brief and argument of appellant relative to the disposition made of cases against appellant's codefendants, have no place in the record here, and can have no weight with us in considering the correctness of our former disposition of this case. It is also insisted that the talking between prosecuting witness and the three men implicated and engaged in the alleged threatening, was done by one Morris and that very little was said by this appellant. We are unable to see how this could absolve appellant if his guilty connection with the making of the threats is shown, and that he acted with Morris and was present endorsing, backing up and participating with Morris in the criminal transaction. We have again reviewed those bills of exception which we declined to consider because of their being in question and answer form and are confirmed in the correctness of our disposition of same. Appellant also renews his insistence that we should have reversed the case because of misconduct of the jury. The matter has received our careful consideration. The bill of exceptions presenting this complaint sets out the testimony of three jurors. There is no statement in the bill apprising this court in any way of the fact that the matter discussed by the jurors, as testified to by those who were produced as witnesses on the hearing of the motion for new trial, was not germane to or part of the testimony introduced upon the trial. The bill itself is full of statements of questions and their answers and of the statements of appellant's attorneys that they excepted, without any statement of the grounds of such exceptions or objections. We regret that we cannot vary the rules applicable to bills of

exception which require that this court find from the bill itself that which explains the error of the matter complained of. If we were permitted or required to look to the statement of facts to ascertain the correctness of the statement of grounds of objection in a bill of exceptions, where the statement of facts was short,—we could not consistently refuse to look through a statement of facts of eight hundred pages in order to try to find whether the grounds stated in a bill of exceptions were true. The rules in this regard have been adhered to for many years and are well understood. They apply to appellant's bill relating to misconduct of the jury. We have no means of ascertaining from the bill whether the statements testified to by the jurors were pertinent or not to the testimony heard on the trial.

Being unable to agree with appellant in any of his contentions, the motion for rehearing will be overruled.

*Overruled.*