SID PATTERSON V. THE STATE.·

No. 9961.   Delivered April 7, 1926.

1.—Manufacturing Intoxicating Liquor—Bill of Exception—Search and Seizure—Incomplete—No Error Shown.

Where appellant complains of a violation of the recent search and seizure law, by the officers, and his bill fails to set out facts which would bring the search under the search and seizure act, or to affirmatively show that there was any unlawful entry on the premises, or that the premises were under the control of the appellant, no error is presented.

2.—Same—Confession of Accused—Res Gestae—Properly Admitted.

Where a bill of exception complains of admission of statements of accused while under arrest, and the qualification of the trial court to said bill shows that the statements were a part of the res gestae, there is no error. manifested in. such bills.

Appeal from the District Court of Knox County.   Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*D. J. Brookreson,* of Benjamin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful manufacture of intoxicating liquor and the punishment is one year· in the penitentiary.

Appellant seriously contends that the evidence in this case was obtained in violation of what is commonly known as the recent search and seizure law, and by bill of exceptions No. 1, attempts to raise this question.   We quote from said bill the following:

"While the state's witness, J. W. Melton, Sheriff of Knox County, Texas, was testifying, and had told the jury how he and several deputies had gone to the farm occupied by C. O. Coburn, and entered the pasture in a wagon, laying down in the bed of the wagon, and had stated that they did not have a search warrant, the State's Attorney asked said witness to tell the jury what they found and did, whereupon the defendant by his at-

torney objected to the said question and the answer it elicited for the reason that such evidence was procured by the officers in violation of the provisions of the Constitution and Laws of the State of Texas, wherein it is provided that the people shall be secure in their persons, houses and papers and possessions, from all unreasonable seizures and searches, and that a search of private premises may be made by application for a search warrant, authorizing same, and procuring such search warrant."

The bill further states that said objections were overruled and the witness was permitted to testify that they found the appellant and C. O. Coburn operating a still and manufacturing whiskey in Coburn's pasture. The bill is wholly insufficient to show error. It contains no statement of fact to the effect that the entry into the pasture was not made through a road used by the public and it fails to state any facts that would justify the conclusion that said pasture was a part of the habitation or place of business of either the said Coburn or the appellant. Its size, location and the use which was being made of it are not mentioned in the bill of exceptions. It is unnecessary in this case to discuss the question as to whether the appellant could avail himself under the search and seizure law of an illegal search of the premises of another. It is sufficient to say that the bill in the instant case clearly fails to bring it under the search and seizure law.

The question above discussed is also raised by bill of exceptions No. 2 and what has just been said is applicable to said bill.

The other two bills of exceptions contained in the record complain at the admission of testimony while the appellant was under arrest. The qualification of the trial court to said bills show that the statements were a part of the res gestae and hence there is no error manifested by them.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.