### Maximo Cano v. The State.

No. 10233.   Delivered June 9, 1926.

Rehearing denied November 3, 1926.

**1.—Murder—Evidence—On Cross-Examination—No Error Shown.**

Where a witness for the state on cross-examination by the appellant was asked a question which elicited an answer hurtful to appellant, he cannot be heard to complain, the answer being responsive to the question propounded.

**2.—Same—Bill of Exception—Elements Essential.**

The necessity that a bill of exceptions set out sufficient information touching the antecedent and surrounding facts, to enable the court to appraise its merits, has often been announced by the court. See Patterson v. State, 282 S. W. 219, and numerous other cases cited.

ON REHEARING.

**3.—Same—No Error Presented.**

On rehearing by appellant we are confirmed in the correctness of the disposition of this case in the original opinion of the court, and appellant's motion for rehearing is, therefore, overruled.

Appeal from the District Court of Wharton County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

The opinion states the case.

*H. A. Cline* of Wharton, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder, punishment fixed at confinement in the penitentiary for a period of fifteen years.

Late in the night at a Mexican dance, appellant shot and killed Grabriel Mata. Three wounds were inflicted; one in the throat, another near the right nipple, and the third in the arm.

Two witnesses on behalf of the state testified and described the tragedy. They were sitting upon the running board of an automobile, which was situated near a pump some distance from the room in which the dance was taking place. They saw the appellant and deceased come to a point near the pump and engage in a conversation. They heard the appellant say: "What have you got against my brother?" Deceased replied: "I haven't got a thing." Whereupon appellant said: "Yes, you have," and uttering an oath and epithet, began shooting. Deceased endeavored to grab the appellant's pistol. Nothing was seen in the hands of the deceased by the state's witnesses. After the shooting the appellant ran and deceased followed him. They were found some 100 yards or more from the pump. Both were wounded. These witnesses had seen no previous difficulty that night.

According to the appellant's testimony, the altercation began at the door of the room in which the dance was taking place. In passing out the door, the deceased pushed the appellant aside. Deceased became offended and asked the appellant to come outside. Upon his compliance, the deceased cursed and abused the appellant for obstructing the doorway and struck at the appellant, who threw up his hand to ward off the blow and received a knife wound in the wrist. Observing that the deceased was using a knife, appellant fled. The deceased followed, and while pursuing the appellant, cut him three times in the back. Appellant then drew his pistol and fired. The shots failed to check the deceased until they both ran into a ditch, where they both fell to the ground. Appellant disclaimed any previous difficulty

or any knowledge of cause for animosity. He denied the remarks imputed to him by the state's witnesses and introduced in his behalf two witnesses who fully corroborated his theory.

We find in the record a bill of exceptions from which we learn that while the state's witness, Townsend, was on the stand, the following proceedings took place on his cross-examination:

"Q. Where did you first get acquainted with him (Defendant Maximo Cano)?"

"A. At East Donna; that's the Mexican part of the town."

"Q. What was he doing there?"

"A. Bootlegging and stealing."

Appellant sought to have the answer excluded upon the ground that it was not responsive; that it was not the best evidence of the facts, and was a voluntary statement of the witness. The court overruled the motion upon the ground that the evidence was brought out by the appellant on cross-examination. The bill of exceptions does not give any of the antecedent or surrounding facts, and it fails to disclose the subject or substance of the witness' direct examination and leaves us without sufficient information to determine that error prejudicial to the appellant was committed. Appellant having testified as a witness in his own behalf, it would not have been improper for the state to prove, for the purpose of impeachment, that he had been charged with other felonies. Giving effect to the presumption which must be indulged in favor of the court's ruling, we are not prepared to say that the bill reveals reversible error. The necessity that a bill of exceptions set out sufficient information touching the antecedent and surrounding facts to enable the court to appraise its merits has often been announced. Patterson v. State, 282 S. W. 219; Rutherford v. State, 277 S. W. 669; Branch's Ann. Tex. P. C., Sec. 207; also Peasley v. State, 278 S. W. 440; Canterberry v. State, 275 S. W. 1005.

The evidence, while quite conflicting, presented a question for the solution of the jury. In the absence of error in the procedure, this court would not be authorized to overturn the verdict.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There is but one bill of exceptions in this record, and appellant urges that we erroneously decided the complaint evidenced thereby. It complains of the court's action

in overruling his objection to language used by the witness, Townsend, in his reply to a question propounded to him by appellant on cross-examination. We have carefully considered the matter. The witness was introduced by the state and testified rather strongly to appellant's bad reputation in the community in which he lived. On his cross-examination, after asking him if he knew appellant and where, appellant's counsel broadly asked, "What was he doing there?" If in fact appellant was engaged in bootlegging and stealing at said place, as appears from the reply of the witness, we do not know what else he could have said. For us to hold that the court should have rejected the answer of the witness simply because he stated that as a fact, would seem to us to be an exercise of a power which we do not have. Had the witness mentioned any other lawful or unlawful employment or occupation, or manner of living, as being that which was pursued by appellant, the trial court would have been in the same attitude, and our conclusion would have been the same.

Believing our former opinion correct, the motion for rehearing will be overruled.

*Overruled,*