### CANO v. STATE. (No. 10233.)

(Court of Criminal Appeals of Texas. June 9, 1926. Rehearing Denied Nov. 3, 1926.)

**1. Criminal law ⬅➡1119(2).**

Testimony of state witness on cross-examination in murder prosecution that defendant had been bootlegging and stealing, objected to as not responsive and voluntary statement of witness, cannot be held reversible error, where bill of exceptions contains insufficient information as to surrounding facts.

**2. Homicide ⬅➡268.**

Conflicting evidence in murder case *held* to present question for jury.

Appeal from District Court, Wharton County; M. S. Munson, Judge.

Maximo Cano was convicted of murder, and he appeals. Affirmed.

H. A. Cline, of Wharton, for appellant.

MORROW, P. J. The offense is murder; punishment fixed at confinement in the penitentiary for a period of 15 years.

Late in the night at a Mexican dance appellant shot and killed Grabriel Mata. Three wounds were inflicted; one in the throat, another near the right nipple, and the third in the arm.

Two witnesses on behalf of the state testified and described the tragedy. They were sitting upon the running board of an automobile which was situated near a pump some distance from the room in which the dance was taking place. They saw the appellant and deceased come to a point near the pump and engage in a conversation. They heard the appellant say: "What have you got against my brother?" Deceased replied: "I haven't got a thing." Whereupon appellant said: "Yes, you have," and, uttering an oath and epithet, began shooting. Deceased endeavored to grab the appellant's pistol. Nothing was seen in the hands of the deceased by the state's witnesses. After the shooting, the appellant ran, and deceased followed him. They were found some 100 yards or more from the pump. Both were wounded. These witnesses had seen no previous difficulty that night.

According to the appellant's testimony, the altercation began at the door of the room in which the dance was taking place. In passing out the door, the deceased pushed the appellant aside. Deceased became offended, and asked the appellant to come outside. Upon his compliance, the deceased cursed and abused the appellant for obstructing the doorway, and struck at the appellant, who threw up his hand to ward off the blow, and received a knife wound in the wrist. Observing that the deceased was using a knife, appellant fled. The deceased followed, and, while pursuing the appellant, cut him three times in the back. Appellant then drew his pistol and fired. The shots failed to check the deceased, until they both ran into a ditch, where they both fell to the ground. Appellant disclaimed any previous difficulty or any knowledge of cause for animosity. He denied the remarks imputed to him by the state's witnesses, and introduced in his behalf two witnesses who fully corroborated his theory.

[1] We find in the record a bill of exceptions from which we learn that, while the state's witness Townsend was on the stand, the following proceedings took place on his cross-examination:

"Q. Where did you first get acquainted with him (defendant, Maximo Cano)? A. At East Donna; that's the Mexican part of the town.

"Q. What was he doing there? A. Bootlegging and stealing"

Appellant sought to have the answer excluded upon the ground that it was not responsive; that it was not the best evidence of the facts, and was a voluntary statement of the witness. The court overruled the motion upon the ground that the evidence was brought out by the appellant on cross-examination. The bill of exceptions does not give any of the antecedent or surrounding facts, and it fails to disclose the subject or substance of the witness' direct examination, and leaves us without sufficient information to determine that error prejudicial to the appellant was committed. Appellant having testified as a witness in his own behalf, it would not have been improper for the state to prove, for the purpose of impeachment, that he had been charged with other felonies.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Giving effect to the presumption which must be indulged in favor of the court's ruling, we are not prepared to say that the bill reveals reversible error. The necessity that a bill of exceptions set out sufficient information touching the antecedent and surrounding facts to enable the court to appraise its merits has often been announced. Patterson v. State, 103 Tex. Cr. R. 682, 282 S. W. 219; Rutherford v. State, 102 Tex. Cr. R. 310, 277 S. W. 669; Branch's Ann. Tex. P. C. § 207; also Peasley v. State, 102 Tex. Cr. R. 492, 278 S. W. 440; Canterberry v. State, 101 Tex. Cr. R. 550, 275 S. W. 1040.

[2] The evidence, while quite conflicting, presented a question for the solution of the jury. In the absence of error in the procedure, this court would not be authorized to overturn the verdict.

The judgment is affirmed.

## On Motion for Rehearing.

LATTIMORE, J. There is but one bill of exceptions in this record, and appellant urges that we erroneously decided the complaint evidenced thereby. It complains of the court's action in overruling his objection to language used by the witness Townsend in his reply to a question propounded to him by appellant on cross-examination. We have carefully considered the matter. The witness was introduced by the state, and testified rather strongly to appellant's bad reputation in the community in which he lived. On his cross-examination, after asking him if he knew appellant, and where, appellant's counsel broadly asked: "What was he doing there?" If in fact appellant was engaged in bootlegging and stealing at said place, as appears from the reply of the witness, we do not know what else he could have said. For us to hold that the court should have rejected the answer of the witness simply because he stated that as a fact would seem to us to be an exercise of a power which we do not have. Had the witness mentioned any other lawful or unlawful employment or occupation, or manner of living, as being that which was pursued by appellant, the trial court would have been in the same attitude, and our conclusion would have been the same.

Believing our former opinion correct, the motion for rehearing will be overruled.