BURT GREEN, ALIAS J. C. DOUGLAS, V. THE STATE.

No. 11215.     Delivered December 14, 1927.

Rehearing denied February 15, 1928.

1.—Burglary—Recent Possession—Of Stolen Property—Supports Conviction for Burglary.

Where it was shown that a store in Montell, in Uvalde County, was burglarized on Saturday night and on the next night appellant was arrested in the town of Uvalde and some of the stolen goods from said burglary was found in his possession and identified by the owner, this evidence was sufficient to support the conviction for the burglary. Unexplained recent possession of stolen property, obtained from burglarized premises, is sufficient to support a conviction for burglary. Following Rippey v. State, 86 Tex. Crim. Rep. 539.

2.—Same—Practice in Trial Court—Motion to Withdraw Testimony Not Sufficient.

Where a motion was made by appellant to strike out testimony admitted, from the record, after its reception, and an order was made and entered on the minutes of the court, which contains an exception to such action on the part of the court, this procedure was not sufficient to bring the matter before this court for review. We are of the opinion that such a question can be brought forward for review only by a proper bill of exception. See Art. 667, C. C. P.

3.—Same—Bill of Exception—Requisite Of—Rule Stated.

All objections to the admission of evidence on the trial must be presented by a proper bill of exception, the requisites of which are set out in statute and the cases collated in this opinion. These rules must be literally observed as incomplete, and insufficient bills will not be reviewed.

4.—Same—Continued.

This court has also held that a recital in an order overruling a motion for a continuance, and an exception to the action of the court, will not take the place of a bill of exception. See Wilson v. State, 87 Tex. Crim. Rep. 542; Prater v. State, 15 Tex. Crim. App. 363. Branch's P. C., Sec. 304.

ON REHEARING.

**5.—Same—Continued.**

In Art. 2237, Rev. Civ. Stats., 1925, it is provided: "If either party during the progress of the trial is dissatisfied with any ruling, opinion, or other action of the trial court, he may except thereto at the time such ruling is made or announced, or such action taken, and at his request time shall be given to embody such exception in a written bill. The preparation and filing of bills of exception shall be governed by the following rules." In nine subdivisions of the article, the requisites of a bill of exception, and procedure with reference to its preservation and allowance, are set forth. This is the only way in which the action of the trial court in refusing to exclude evidence, can be brought up for review. See Branch's Ann. P. C., Secs. 207-219, also in Vernon's Ann. C. C. P., 1925, and cases cited in opinion on rehearing.

Appeal from the District Court of Uvalde County. Tried below before the Hon. L. J. Brucks, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*G. B. Fenley* of Uvalde and *A. L. Love* of Austin, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense burglary, penalty six years in the penitentiary.

One John D. Sutherland owned and operated a little store at Montell, in Uvalde County. On Saturday night, November 6, 1926, his store was burglarized. On the next night appellant was arrested in the town of Uvalde and some of the stolen goods from said burglarized store was found in his possession and identified by Sutherland and his wife. There is no explanation shown in the record of appellant's possession of these goods. Unexplained recent possession of stolen property obtained from burglarized premises is sufficient to support a conviction of burglary. Rippey v. State, 86 Tex. Crim. Rep. 539. The evidence was sufficient, in our opinion, to sustain the verdict rendered.

Evidence was introduced by the state that officers of Uvalde County arrested the appellant on the street, took from his person a pistol and other articles and that appellant fled and was shot by said officers, and also that appellant while under arrest gave them the location of his car, and that such car was searched and certain articles found therein. Motion was made by appellant to strike this testimony from the record after its reception and an order was made and entered on the minutes

of the court overruling this motion and which contains an exception to such action on the part of the court.

We are met at the outset with the question of whether or not the admissibility and competency of evidence can be thus raised. We are of the opinion that such a question can be presented for review only by a proper bill of exception. Statements from some of the authorities which lay down certain fundamental prerequisites under Art. 667, C. C. P., for the review of the action of trial courts will, we think, demonstrate the soundness of our holding.

"There is a presumption that the lower court ruled correctly and bills of exceptions must negative this and show material error." Morgan v. State, 82 Tex. Crim. Rep. 615.

"The bill of exception must furnish sufficient information touching the antecedent and surrounding facts to enable the court to determine its merit." Rutherford v. State, 277 S. W. 669; Sid Patterson v. State, 282 S. W. 219.

"The court will not look to the statement of facts or other parts of the record to ascertain whether or not the error complained of occurred, but in order for appellant to avail himself of the alleged error, it must be manifest from the bill itself and the attendant circumstances must be set out so fully that the court can ascertain from the bill without recourse to the record or statement of facts that the alleged error occurred as complained of." Peasley v. State, 278 S. W. 440; Sparks v. State, 271 S. W. 631; Canterberry v. State, 275 S. W. 1040.

"Truth of the objection must be verified by the bill. The mere statement of the grounds set forth in the bill is not the certificate of the trial judge that the facts which form the basis of the objection are true." Plunk v. State, 265 S. W. 158; Murff v. State, 281 S. W. 1076.

"A bill which sets out evidence, a part of which is admissible, presents no error, when blanket objection is made. Zweig v. State, 171 S. W. 751; Aven v. State, 177 S. W. 82.

"The appellant must bring forward each ground of complaint upon which he relies for reversal by separate bills of exception and joining several matters in one bill is violative of the rule and bills of exception which bring forward two or more grounds of complaint in a single bill will not be considered by the court." Nugent v. State, 273 S. W. 598; Leto v. State, 143 S. W. 184; Cabral v. State, 122 S. W. 872.

The matter as presented violates almost all of the above rules.

If the attendant facts and circumstances surrounding this matter had been set out as required by the rules it might have

been shown that the officers had the right to arrest appellant. The right of arrest carries with it generally the right to search without a search warrant.    Agnello v. U. S., 269 U. S. 20, 70 L. Ed. 145; Hodge v. State, 298 S. W. 573.    A proper bill of exception might also have reflected the fact that appellant authorized a search of his car.    Moreover, there are two distinct and wholly unrelated matters presented as error in the aforesaid motion.

This court has held that a recital in an order, overruling a motion for a continuance, of an exception to the action of the court, will not take the place of a bill of exception.    Wilson v. State, 87 Tex. Crim. Rep. 542; Prator v. State, 15 Tex. Crim. App. 363.    Branch's P. C., Sec. 304.    There would seem to be no good reason for distinguishing the instant case from those announcing the above rule.

Many other reasons might be given but what has been said, we think, is sufficient authority for the announcement of the rule that the reception of evidence cannot be reviewed in this court where the record shows only a motion to strike out and an order of record overruling such motion with a notation of appellant's exception.    Such a question must and can only be presented by a proper bill of exception.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — We find at page 3 of the transcript a motion to strike from the record the evidence of the officers to the effect that they arrested the appellant on the street in the city of Uvalde and took from his person a pistol and other articles; that the defendant fled and was shot by the witness Miller and retained in custody of the officers.    The motion is based upon the ground that the evidence was not admissible in the absence of a search warrant, and that there being no search warrant, the evidence was obtained in violation of Arts. 4 and 4a, C. C. P., 1925, and received in violation of Art. 727a, C. C. P., 1925.    This document bears no authentication of the trial judge.    On the minutes of the court there is endorsed an order overruling the motion in which it is said: "The defendant then and there excepted in open court."    At

what stage of the trial this motion was presented and acted on is not disclosed by the proceeding upon which it is sought to have this court review the action of the trial court. In Art. 2237, Rev. Civil Stat., 1925, the following statement is found:

"If either party during the progress of a cause is dissatisfied with any ruling, opinion, or other action of the court, he may except thereto at the time the said ruling is made, or announced or such action taken, and at his request time shall be given to embody such exception in a written bill. The preparation and filing of bills of exception shall be governed by the following rules;"

In nine subdivisions of the article the requisites of a bill of exceptions and the procedure with reference to its preservation and allowance are set forth. Where the ruling of the court on the admission of evidence or the refusal to exclude it, the statute requires that a bill of exceptions in writing shall be presented to the trial judge within the time allowed by law in which it shall set forth the evidence in substance, stating that it was received, that a motion was made to exclude it, the grounds of the motion upon which the exclusion was sought, and the ruling of the court thereon. When the bill is presented to the judge he has the opportunity to either allow the bill or file one of his own which would set up the facts true to the record. So far as we are aware, this is the only way in which the action of the court in refusing to exclude evidence can be brought up for review. This is made manifest by the many decisions of this court which are collated in Branch's Ann. Tex. P. C., Secs. 207-219; also in Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, Art. 667, note 22, p. 362. See also Bargas v. State, 86 Tex. Crim. Rep. 231; Wilson v. State, 87 Tex. Crim. Rep. 538; Williams v. State, 94 Tex. Crim. Rep. 60; Abbott v. State, 94 Tex. Crim. Rep. 31; Martin v. State, 92 Tex. Crim. Rep. 124; Madsen v. State, 95 Tex. Crim. Rep. 439; Bailey v. State, 101 Tex. Crim. Rep. 237; Reid v. State, 105 Tex. Crim. Rep. 147. Either party is privileged to waive any objection to evidence, and where there is no bill of exceptions either to the receipt of evidence or to the refusal to exclude it, the record is in no condition to invoke a judgment of the reviewing court on the propriety of its receipt. The statute is definite in requiring that the matter be presented by a bill of exceptions. See Art. 667, C. C. P., supra.

The motion for rehearing is overruled.

*Overruled.*