ADOLPH GREEN V. THE STATE.

No. 23916. Delivered February 4, 1948.
Rehearing Denied March 17, 1948.

506

*Horace H. Shelton* and *Wright Stubbs,* both of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of 25 years.

It appears from the record that on the night of the 11th day of November, 1946, appellant and Charles Jackson met in Tom Plummer's beer tavern located in the City of Austin where many other negro men and women had assembled.

The State's evidence shows that appellant used insulting and profane language in the presence of Charles Jackson's female friends. Jackson asked him not to use such language in the presence of women. This brought on a heated argument and the proprietor took appellant and led him to the door and told him to get out. Appellant did go out and a short time later Jackson went out with the purpose of going home at which time appellant shot him.

According to appellant's evidence, Jackson came running up behind him and remarked, "You G. D. s-- of a b----, you think you are bad. I will kill you." Whereupon, appellant told him to get back and fired one shot up in the air but Jackson continued to advance and reached for his pocket, whereupon, he shot him three times because he, appellant, was afraid of Jackson. This

is, in substance, a brief summary of the evidence adduced upon the trial.

At the conclusion of all the evidence and before the court submitted his charge to the jury, appellant requested the court to instruct the jury to disregard the following question propounded to appellant by the district attorney and the answer thereto, to-wit: "It is not true that there is now pending against you in the County Court a charge of having in your possession unlawfully a pistol?" to which he answered, "If it is true, it was filed because of this case." The request was denied by the court but no exception was taken to the court's action which would indicate that he was satisfied with the court's ruling.

Appellant addressed a number of objections to the court's charge. His first objection is that the court failed to charge on aggravated assault. We find no evidence in the record which required such an instruction.

The careful trial judge charged on murder with and without malice, on self-defense both as to real or apparent danger without any restriction or limitation, and also instructed the jury relative to the law of suspension of sentence.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

By exception to the court's charge, appellant sought to have withdrawn from the jury's consideration certain testimony. This the trial court overruled.

The effect of the exception was to challenge the admissibility of the testimony after its receipt in evidence and after the close of the testimony. No bill of exception was reserved; no reasons were stated why the testimony was objectionable.

The refusal to exclude evidence which has been admitted must be presented by a bill of exception. 4 Tex. Jur. p. 217, Sec. 156; Green v. State, 108 Tex. Cr. R. 664, 2 S. W. (2d) 274.

The admissibility of the testimony is, therefore, not before us.

508

The appellant's motion for rehearing is overruled.

Opinion approved by the Court.