Neal v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-028-CR

     JOHN HENRY NEAL, III,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 92-666-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Neal of possession of a controlled substance and assessed punishment at life
imprisonment. See Tex. Health & Safety Code Ann. § 481.115 (Vernon 1992). In three
points of error, Neal argues that the court erred by denying his motion to suppress evidence seized
without a search or arrest warrant, by overruling his objection to the State's closing argument, and
by denying his motion for a new trial based on allegations that the jury overheard a statement
made by his wife. We affirm the judgment.
      Neal filed a motion to suppress the controlled substance seized when he was arrested. The
court denied the motion. When the State offered the items seized from Neal at trial, Neal's
attorney stated, "I don't have any objection to the other exhibits." The "other exhibits" included
the crack cocaine which Neal had sought to have suppressed. Thus, Neal has waived any
complaint concerning the court's denying his motion to suppress. See Dean v. State, 749 S.W.2d
80, 83 (Tex. Crim. App. 1988). Point one is overruled.
      In his second point, Neal complains about the trial court's ruling on an objection raised during
the State's closing argument:
[The State]:We have rights too. We, the victims of actions that are committed by
people like him affect all of us, and they take our rights away from us. Can you remember
a time in this County, and I am sure many of you can, I can, when you could go up to a
convenience store, park your car, leave the motor running, go in and get some milk and eggs,
or whatever you wanted to buy, and come back and the car would still be there. Do you
remember those times? Do you remember the times in this County where if you wanted to
go shopping at the grocery, you could leave home, and leave your door open - - 
 
[Defense Counsel]:Your Honor?
 
COURT:Yes, Sir.
 
[Defense Counsel]:Your Honor, that's objectionable. I do the same thing now.
 
COURT:Overruled.

      Neal argues that the court erred by overruling his objection because the State was arguing
facts outside the record and the prosecutor attempted to make himself the spokesman for the
community in order to inflame the jury. To preserve a complaint, "a party must have presented
to the trial court a timely . . . objection . . . stating the specific grounds for the ruling he desired
the court to make if the specific grounds were not apparent from the context." Tex R. App. P.
52(a). Neal did not preserve his complaint.
      If Neal's objection was sufficient to preserve a complaint, it was only sufficient to preserve
a complaint about an argument outside the record. However, "an argument, although outside the
record, may be based upon matters of common knowledge." Carter v. State, 614 S.W.2d 821,
823 (Tex. Crim. App. [Panel Op.] 1981). The fact that today's citizens must take more
precautions than their predecessors is common knowledge. The court did not err in overruling
Neal's objection. Point two is overruled.
      In point three, Neal complains that the court denied his motion for a new trial. Neal alleged
that the jurors at his trial overheard a comment made by his wife to him while the jurors were
leaving the court room for lunch. Neal testified at the hearing on his motion for a new trial that
his wife stated, "baby, you are fucked. . . they are going to fuck you. . . . I'm out of here." He
claimed that these comments were made within the hearing of the jurors. 
      Neal failed to produce any evidence to substantiate his claim that some of the members of the
jury overheard his wife's comment. No affidavits from any of the jurors were produced. None
of the jurors testified at the hearing on his motion. 
      The judge is the finder of fact on a motion for a new trial. Tollett v. State, 799 S.W.2d 256,
259 (Tex. Crim. App. 1990). The decision on the motion will not be disturbed absent an abuse
of discretion. Id. As the fact finder, the court could have disbelieved Neal's testimony that the
statement was made or that the statement was made within the hearing of the jury. No abuse of
discretion is shown. Point three is overruled.
      The judgment is affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 19, 1994
Do not publish