COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-06-348-CR

 

 

OWEN PAUL
JOHNSON                                                        APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Owen Paul Johnson of
misdemeanor assault causing bodily injury to a family member, and the trial
court sentenced him to thirty days in jail. 
In five points, Appellant contends that the trial court erred by
overruling various objections to the State=s
closing argument and that he was denied effective assistance of counsel due to
his trial counsel=s failure to obtain adverse
rulings after the trial court sustained two objections to the State=s
closing argument.  Because we hold that
the trial court did not commit reversible error and that Appellant failed to
show that his trial counsel=s
performance was deficient, we affirm the trial court=s
judgment.

In his first and second points, Appellant
contends that the trial court erred by overruling his objections to the
prosecutor=s statements that Appellant was
mad at the complainant and seeking to get even with her.  The prosecutor used the terms Amad@ and Aget even@ multiple
times.  He stated:

$                  
A[Appellant=s] a
little mad at [the complainant],@ and the
trial court sustained Appellant=s
objection, but Appellant did not get an adverse ruling;

$                  
AIt=s a
reasonable deduction from that evidence that he=s mad,
that he wants to get even with [the complainant],@ and the
trial court overruled Appellant=s
objection;

$                  
A[Y]ou can assume from these
facts that he=s mad.  He wants to get even,@ and the
trial court sustained Appellant=s
objection, but Appellant did not get an adverse ruling;

$                  
[I]t=s a
reasonable deduction from this evidence that he=s mad,
and he wants to get even . . . ,@ and the
trial court overruled Appellant=s
objection.








Because Appellant failed to obtain an adverse
ruling on all objections to the prosecutor calling him mad and all objections
to the prosecutor contending that Appellant wanted to get even with the
complainant, Appellant has failed to preserve these points for appeal.[2]  Accordingly, we overrule Appellant=s first
two points.








In his third point, Appellant contends that the
trial court erred when it overruled his objections to the State=s
arguments that Appellant was seeking to pick a fight with the complainant.  The State responds that its arguments were a
reasonable deduction from the evidence. 
The complainant testified that she and Appellant were separated and that
their divorce was pending when he brought the children to her home on December
2, 2004 at around 8:00 p.m.  Appellant
and the complainant began to rehash an argument about his not putting their
daughter in a car seat.  He got very
angry and began picking up things to take from the house, starting with a
vase.  He pulled flowers out of the vase and
held on to the vase.  She grabbed the
vase as well, they struggled over it, and she finally let go.  Then he grabbed her, shook her, and pushed
her down, causing her to suffer deep bruising and pulled muscles.  The complainant agreed with Appellant=s trial
counsel=s
characterization of Appellant=s taking
the vase as childish.  Based on our
review of the evidence, we hold that the prosecutor=s
statements that Appellant was seeking to pick a fight with the complainant were
reasonable deductions from the evidence. 
We overrule Appellant=s third
point.

In his fourth point, Appellant contends that the
trial court erred when it overruled his objections to the prosecutor=s
statements that Appellant took property in violation of a court order.  The State argues that the prosecutor=s
repeated statement is a reasonable deduction from the evidence.  While the record does indicate that Appellant
and the complainant had an agreement regarding possession of the children,
nothing in the record supports a conclusion that an order was already in place,
especially concerning property. The family code provides that temporary
restraining orders, temporary injunctions, and temporary orders may be obtained
in a divorce, but these interlocutory orders are not mandatory.[3]  Consequently, we agree that the State=s
argument was improper.








If a jury argument exceeds the bounds of proper
argument, the trial court=s erroneous overruling of a
defendant=s objection is not reversible
error unless it affected Appellant=s
substantial rights.[4]  In determining whether Appellant=s
substantial rights were affected, we consider: 
(1) the severity of the misconduct (that is, the prejudicial effect of
the prosecutor=s remarks), (2) curative
measures, and (3) the certainty of conviction absent the misconduct.[5]








The prosecutor argued twice that Appellant had
violated a court order, effectively raising the spectre of an inadmissible
extraneous offense immediately before the jury began its deliberations.  No curative measures were taken, but the
prosecution did not again repeat the argument in its initial closing argument
or in its rebuttal.  Additionally, the
jury charge provided, A[N]or will you refer to or
discuss with any other juror during your deliberations anything you might know,
or may have heard, concerning the defendant or the case, other than what you
have heard from the witness stand during the trial.@  Finally, the evidence supporting the
conviction is overwhelming, and the trial court, not the jury, determined Appellant=s
punishment.  Consequently, we cannot
conclude in this case that the trial court=s error
in overruling Appellant=s objections to the improper
argument is reversible.  We overrule
Appellant=s fourth point.

In his fifth point, Appellant contends that his
trial counsel committed ineffective assistance by not requesting an instruction
to disregard the prosecutor=s
statements that Appellant was mad at the complainant and wanted to get even
with her.  Based on the evidence detailed
above, we hold that these arguments by the prosecutor were proper.  Consequently, Appellant has not shown that
his trial counsel=s performance was deficient.[6]  We overrule Appellant=s fifth
point.

Having overruled all of Appellant=s
points, we affirm the trial court=s
judgment.

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  July 5, 2007











[1]See Tex. R. App. P. 47.4.





[2]See McFarland v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992) (AWhere
the same evidence or argument is presented elsewhere during trial without
objection, no reversible error exists.@), cert. denied, 508 U.S. 963 (1993); see
also Tex. R. App. P. 33.1(a)(1);
Mathis v. State, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. denied,
520 U.S. 1173 (1997); Carter v. State, 614 S.W.2d 821, 823 (Tex. Crim.
App. 1981).





[3]See Tex. Fam. Code Ann. ''
6.501(a)(6), (9), (10), 6.502 (Vernon 2006).





[4]Tex. R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d 677,
692-93 (Tex. Crim. App. 2000); Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).





[5]Martinez, 17
S.W.3d at 692-93; Mosley, 983 S.W.2d at 259.





[6]See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999).