COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-348-CR

OWEN PAUL JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Owen Paul Johnson of misdemeanor assault causing bodily injury to a family member, and the trial court sentenced him to thirty days in jail.  In five points, Appellant contends that the trial court erred by overruling various objections to the State’s closing argument and that he was denied effective assistance of counsel due to his trial counsel’s failure to obtain adverse rulings after the trial court sustained two objections to the State’s closing argument.  Because we hold that the trial court did not commit reversible error and that Appellant failed to show that his trial counsel’s performance was deficient, we affirm the trial court’s judgment.

In his first and second points, Appellant contends that the trial court erred by overruling his objections to the prosecutor’s statements that Appellant was mad at the complainant and seeking to get even with her.  The prosecutor used the terms “mad” and “get even” multiple times.  He stated:

“[Appellant’s] a little mad at [the complainant],” and the trial court sustained Appellant’s objection, but Appellant did not get an adverse ruling;

“It’s a reasonable deduction from that evidence that he’s mad, that he wants to get even with [the complainant],” and the trial court overruled Appellant’s objection;

“[Y]ou can assume from these facts that he’s mad.  He wants to get even,” and the trial court sustained Appellant’s objection, but Appellant did not get an adverse ruling;

[I]t’s a reasonable deduction from this evidence that he’s mad, and he wants to get even . . . ,” and the trial court overruled Appellant’s objection.

Because Appellant failed to obtain an adverse ruling on all objections to the prosecutor calling him mad and all objections to the prosecutor contending that Appellant wanted to get even with the complainant, Appellant has failed to preserve these points for appeal.
(footnote: 2)  Accordingly, we overrule Appellant’s first two points.

In his third point, Appellant contends that the trial court erred when it overruled his objections to the State’s arguments that Appellant was seeking to pick a fight with the complainant.  The State responds that its arguments were a reasonable deduction from the evidence.  The complainant testified that she and Appellant were separated and that their divorce was pending when he brought the children to her home on December 2, 2004 at around 8:00 p.m.  Appellant and the complainant began to rehash an argument about his not putting their daughter in a car seat.  He got very angry and began picking up things to take from the house, starting with a vase.  He pulled flowers out of the vase and held on to the vase.  She grabbed the vase as well, they struggled over it, and she finally let go.  Then he grabbed her, shook her, and pushed her down, causing her to suffer deep bruising and pulled muscles.  The complainant agreed with Appellant’s trial counsel’s characterization of Appellant’s taking the vase as childish.  Based on our review of the evidence, we hold that the prosecutor’s statements that Appellant was seeking to pick a fight with the complainant were reasonable deductions from the evidence.  We overrule Appellant’s third point.

In his fourth point, Appellant contends that the trial court erred when it overruled his objections to the prosecutor’s statements that Appellant took property in violation of a court order.  The State argues that the prosecutor’s repeated statement is a reasonable deduction from the evidence.  While the record does indicate that Appellant and the complainant had an agreement regarding possession of the children, nothing in the record supports a conclusion that an order was already in place, especially concerning property. The family code provides that temporary restraining orders, temporary injunctions, and temporary orders may be obtained in a divorce, but these interlocutory orders are not mandatory.
(footnote: 3)  Consequently, we agree that the State’s argument was improper.

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected Appellant’s substantial rights.
(footnote: 4)  In determining whether Appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (that is, the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of conviction absent the misconduct.
(footnote: 5)
 The prosecutor argued twice that Appellant had violated a court order, effectively raising the spectre of an inadmissible extraneous offense immediately before the jury began its deliberations.  No curative measures were taken, but the prosecution did not again repeat the argument in its initial closing argument or in its rebuttal.  Additionally, the jury charge provided, “[N]or will you refer to or discuss with any other juror during your deliberations anything you might know, or may have heard, concerning the defendant or the case, other than what you have heard from the witness stand during the trial.”  Finally, the evidence supporting the conviction is overwhelming, and the trial court, not the jury, determined Appellant’s punishment.  Consequently, we cannot conclude in this case that the trial court’s error in overruling Appellant’s objections to the improper argument is reversible.  We overrule Appellant’s fourth point.

In his fifth point, Appellant contends that his trial counsel committed ineffective assistance by not requesting an instruction to disregard the prosecutor’s statements that Appellant was mad at the complainant and wanted to get even with her.  Based on the evidence detailed above, we hold that these arguments by the prosecutor were proper.  Consequently, Appellant has not shown that his trial counsel’s performance was deficient.
(footnote: 6)  We overrule Appellant’s fifth point.

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 5, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
See McFarland v. State
, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992) (“Where the same evidence or argument is presented elsewhere during trial without objection, no reversible error exists.”), 
cert. denied
, 508 U.S. 963 (1993); 
see also 
Tex. R. App. P. 
33.1(a)(1); 
Mathis v. State
, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); 
Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1173 (1997); 
Carter v. State
, 614 S.W.2d 821, 823 (Tex. Crim. App. 1981).

3:
See
 
Tex. Fam. Code Ann.
 §§ 6.501(a)(6), (9), (10), 6.502 (Vernon 2006).

4:
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

5:
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

6:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).