

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00528-CR

| | | |
|---|---|---|
| Gary Neal Hightower | § | From County Criminal Court No. 9 |
| | § | of Tarrant County (1206671) |
| v. | § | January 4, 2013 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00528-CR**

GARY NEAL HIGHTOWER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Gary Neal Hightower appeals his conviction for driving while intoxicated (DWI).  In two points, Hightower contends that the trial court abused its discretion by admitting State's Exhibits 1 and 3 without proper authentication and by allowing the State to comment during closing argument on Hightower's failure to testify.  We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Fort Worth Police Officer Olimpo Hernandez observed Hightower driving the wrong way on Houston Street in downtown Fort Worth and pulled over Hightower's car. Officer Hernandez noticed a strong odor of alcohol emanating from Hightower's breath and that his speech was "a little" slurred. Hightower told Officer Hernandez that he was coming from Razzoo's restaurant in downtown Fort Worth, where he had consumed two beers. After he failed field sobriety tests, Officer Hernandez arrested him for DWI. At the police station, Hightower also failed sobriety tests administered in the intoxilyzer room. Hightower did not submit to a breathalyzer test.

At trial, the State introduced into evidence a videotape of the stop taken from an in-dash video recorder in Officer Hernandez's squad car and of the events in the intoxilyzer room. Hightower presented evidence at trial that his walking was impaired from a running injury to his ankle. The jury convicted him of DWI and assessed his punishment at ninety days' incarceration, probated for eighteen months, and a $550 fine.

## III. STANDARD OF REVIEW

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the

3

request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). An appellant's complaint on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g).

## IV. AUTHENTICATION OF EVIDENCE

In his first point, Hightower argues that the trial court abused its discretion by admitting State's Exhibits 1 and 3 despite the lack of proper authentication. The State asserts that this point is not preserved for our review.

At trial, the State offered as State's Exhibit 1 the in-car videotape of the stop and of the events in the intoxilyzer room following Hightower's arrest and offered as State's Exhibit 3 a copy in DVD form of a portion of State's Exhibit 1 with certain audio portions referring to Hightower's prior arrest muted. When authenticating State's Exhibit 1, the following dialogue took place between the prosecutor and Officer Hernandez:

> Q. Officer Hernandez, I hand to you what's been marked as State's Exhibit 1 and State's Exhibit 1A. Do you recognize those?
>
> A. Yes.
>
> Q. What are they?
>
> A. This is a videotape from the offense that night.

4

Q.  Okay. And State's Exhibit 1A, is that the jacket it comes in?

A.  Yes.

Q.  Okay.  And did you have an opportunity to view that video?

A.  Yes.

Q.  And was it—is it a fair and accurate depiction of the events of July 17th, 2010?

A.  Yes, the video portion of it is.  Apparently, the audio may not be.

Q.  Actually, we might—I think the audio is too.

A.  Okay.

Q.  Are you able to recognize—Are you able to identify the voices on the video?

A.  I'm going to say yes.  But, again, I'm—I'm a little confused here because I was told that the VCR that we viewed it on did not play the audio like is really on here.  And I didn't have a chance to review it with the audio playing through it.

.  .  .  .

[PROSECUTION]:  Your Honor, at this time, State moves to admit State's Exhibit 1 . . . for all purposes and 1A for demonstrative purposes—after tendering to Defense Counsel.

[DEFENSE]:  Subject to the Court's previous pretrial rulings, Your Honor, no objections.

Following this interaction, the trial court admitted State's Exhibit 1 into evidence.

The State later offered State's Exhibit 3, and the defense stated, "Outside of the Court's previous pretrial rulings, Your Honor, no objection."  The previous pretrial rulings to which defense counsel was referring was the suppression of the audio

5

of the portions of the videotapes in which the defendant's prior DWI arrest was referenced, in which the officer described Hightower to another officer, and in which Hightower received *Miranda* warnings.

Hightower's only complaints at trial regarding State's Exhibits 1 and 3 were that certain audio portions of the videotape should be suppressed, which the trial court granted. Hightower's authentication complaint on appeal does not comport with his complaint at trial, *see Clark*, 365 S.W.3d at 339; he never objected on authentication grounds at trial and thus, as the State contends, has not preserved this complaint for appeal, *see* Tex. R. App. P. 33.1(a)(1); *Lovill*, 319 S.W.3d at 691–92. As a result, we must overrule his first point.

## V. COMMENT ON FAILURE TO TESTIFY

In his second point, Hightower argues that the State improperly commented on his failure to testify during its closing argument.

The Texas Code of Criminal Procedure provides that a defendant's failure to testify on his own behalf may not be held against him and that counsel may not allude to the defendant's failure to testify. Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005). Absent an objection to jury argument at trial, nothing is presented for review. *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997). The objection must be timely and specific, and the defendant must pursue the objection to an adverse ruling. *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); *Cockrell*, 933 S.W.2d at 89; *Carter v.*

6

*State*, 614 S.W.2d 821, 823 (Tex. Crim. App. 1981); *see also* Tex. R. App. P. 33.1(a)(1).

In the State's closing argument in this case, the prosecutor argued,

> But what he doesn't say in here is that he can't walk. And what you see on that videotape – and the Defense even said it, right? They said he walks just fine. They can't have it both ways. Either he walks just fine on there, in which case there's no ankle injury . . . He wants to say, hey, I may have looked drunk out there, but it's really something else. It's really an ankle."

Hightower argues on appeal that this argument by the State constituted a comment on his failure to testify and thus improperly denied his right against self-incrimination, but defense counsel did not assert any objection to the State's closing argument. Thus, Hightower did not preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a)(1); *Lovill*, 319 S.W.3d at 691–92; *Cockrell*, 933 S.W.2d at 89. We overrule his second point.

## VI. CONCLUSION

Having overruled Hightower's two points, we affirm the trial court's judgment.

SUE WALKER<br>
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 4, 2013

7