

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00293-CR

MICHAEL WAYNE PERRY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1302260D

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty, the jury convicted Appellant Michael Wayne Perry of robbery by threat and assessed his punishment at forty years' confinement as a repeat offender. The trial court sentenced him accordingly. In his sole issue, Appellant complains that the trial court reversibly erred by overruling his objection

---

[1]*See* Tex. R. App. P. 47.4.

to the State's jury argument at punishment. Because the trial court committed no reversible error, we affirm the trial court's judgment.

Appellant argues that the trial court committed reversible error by overruling his objection to the State's closing argument, "which invited the jurors to speculate as to imaginary witnesses that the defense might have, but failed, to call to testify regarding his character when no evidence was presented by either the [S]tate or defense that the witnesses actually existed or could have been called." Generally, in order to preserve a complaint related to jury argument error, the complaining party must make timely and specific objection to the jury argument.[2]

At trial, the following exchange occurred:

| [STATE]: | This has been a very short trial. We've got some pictures, we've got testimony. But you've seen the photo album that we brought to you. And I told you in jury selection guilt and innocence—or rather punishment phase of a trial is an opportunity for both sides to bring you anything they want. Have you heard anything good about this defendant? |
| --- | --- |
| [DEFENSE]: | Your Honor, we will object to that argument. It's a comment on the defendant's election not to testify. |
| THE COURT: | I'm going to overrule that particular objection. |

---

[2]Tex. R. App. P. 33.1(a)(1); *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997); *Carter v. State*, 614 S.W.2d 821, 823 (Tex. Crim. App. 1981).

| [STATE]: | Have you heard from an employer saying he's ever worked an honest day in his life? Fellow church member to say he's a good person? Anybody? If anybody came to you and said you've got a week, you need to come up with some people to come up with something good to say about you, could you come up with one? |
|---|---|

Although Appellant's trial objection was that the argument was a comment on his election not to testify, on appeal he contends that the prosecutor's argument was outside the record and encouraged the jury to speculate. It is well established that, in order to preserve a complaint for appellate review, the objection at trial must comport with the complaint raised on appeal.[3] In the case now before this court, we cannot conclude that the trial objection that the argument is a comment on Appellant's decision not to testify comports with the complaint on appeal that the argument is outside the record and encourages the jury to speculate.

We therefore overrule Appellant's sole issue on appeal and affirm the trial court's judgment.

---

[3]*Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 11, 2015