

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00224-CR

---

DAVID KEITH SAULS JR.                    APPELLANT

V.

THE STATE OF TEXAS                        STATE

----------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 58,646-B

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant David Keith Sauls Jr. of evading arrest or detention in a vehicle, and upon his plea of true to two enhancement paragraphs, the trial court sentenced him to twenty-five years' confinement. In one point, Appellant complains about the State's closing argument. Because Appellant

---

[1]*See* Tex. R. App. P. 47.4.

forfeited his complaint by not objecting to the argument at trial, we affirm the trial court's judgment.

## I.    BRIEF FACTS

On the evening of January 14, 2017, Deputy Daniel Jacobson of the Wichita County Sheriff's Office was on patrol when he saw ahead of him a silver 2012 Nissan Versa with a right brake light out.  He caught up with the Nissan after it turned left on Old Iowa Park Road, and he activated his patrol car's overhead, flashing lights as he followed the Nissan onto an access road and then southbound on the Central Freeway, both of which had improved shoulders.  The Nissan went past the first available exit, and Deputy Jacobson turned on his siren.  Without signaling, the Nissan exited to Seymour Highway, moved to the far right lane, and turned right at a red light without stopping.  The Nissan then immediately turned right into an EconoLodge parking lot, made a U-turn, and stopped, facing Seymour Highway.  The driver, Appellant, got out and began running across the highway.  He collided with the windshield and passenger-side mirror of the patrol car of another deputy arriving to assist Deputy Jacobson, landed on the ground, and then tried to run again before the two deputies captured and arrested him.

A grand jury indicted Appellant for evading arrest or detention while using a vehicle, and the indictment contained two sentence-enhancement paragraphs alleging prior felony convictions of unlawful possession of a firearm by a felon and injury to a disabled person.

2

During trial, at a hearing outside the jury's presence, the trial court ruled admissible for impeachment purposes at guilt Appellant's prior offenses including a 2005 felony conviction for evading arrest or detention with a vehicle and a 2008 misdemeanor conviction for evading arrest or detention. The trial court confirmed at Appellant's request that the facts of the convictions would be admissible but not the underlying details of the crimes. Appellant then testified before the jury, claiming that he did not intend to evade arrest in a motor vehicle in the present case. The prosecutor asked Appellant about the 2005 and 2008 evading arrest convictions, and he admitted them. He did not request a contemporaneous limiting instruction.

In the State's closing argument at guilt, the prosecutor stated,

> Also in 2005, [Appellant was] convicted of evading arrest or detention using a motor vehicle.
>
> In 2008, [he was] convicted of evading arrest or detention as a misdemeanor offense on foot.
>
> Ladies and gentlemen, he knows the difference between the two of them. He knows what one offense is and what the other offense is.

Appellant did not object.

## II.    DISCUSSION

In his sole point, Appellant complains that in the portion of the jury argument quoted above, the State "improperly argued the jury [should] consider [his] prior evading convictions in determining the element of intent. The prior convictions had been admitted for impeachment purposes only." Appellant

3

admits that he did not object to the argument at trial, and, without citing any authority for the proposition, argues that "[t]his error is of such a fundamental nature that [it] denies [him] due process that this Court cannot ignore."

Absent an objection to jury argument at trial, nothing is presented for review. *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997). The objection must be timely and specific, and the defendant must pursue the objection to an adverse ruling. *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); *Cockrell*, 933 S.W.2d at 89; *Carter v. State*, 614 S.W.2d 821, 823 (Tex. Crim. App. 1981); *see also* Tex. R. App. P. 33.1(a)(1). An objection is timely if it is made as soon as the ground of objection becomes apparent. *Thompson v. State*, 691 S.W.2d 627, 635 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985). Even if an argument is egregious and an instruction to disregard would not have cured the harm, the complaint is forfeited if the defendant did not object. *Mathis*, 67 S.W.3d at 926–27; *see also Threadgill*, 146 S.W.3d at 667. Accordingly, we overrule Appellant's point.

## III.    CONCLUSION

Having overruled Appellant's single point, we affirm the trial court's judgment.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL: WALKER, MEIER, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 28, 2018